UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
WELLS FARGO BANK, N.A., as Trustee, :
: CASE NO. 1:07-CV-2176
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 25]
ABDULLA M. ABDULLA, ET AL., :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is a motion for an order of the sale of the property located at 11509 Florian Avenue, Cleveland, OH 44111, filed by the Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"). [Doc. 25.] The Defendants have not opposed the motion. For the following reasons, this Court **DENIES** the Plaintiff's motion for an order of sale and **DISMISSES** this case without prejudice.

I. Background

On July 19, 2007, the Plaintiff, Wells Fargo Bank, N.A., filed a complaint against Defendants for foreclosure on the property located at 11509 Florian Avenue, Cleveland, OH 44111. [Doc. 1.] The Plaintiff claimed that this Court possessed subject matter jurisdiction over the case based on federal diversity jurisdiction. *Id.* The Plaintiff alleged that Defendants had defaulted on the note and mortgage that they executed on the property. *Id.* On October 16, 2007, the Court granted summary judgment in favor of the Plaintiff and ordered that "unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33." [Doc. 23.] The Plaintiff subsequently filed a motion for an order

-1-

Case No. 1:07-CV-2176
Gwin, J.

compelling the sale of the property on November 5, 2007. [Doc. 25.]

## II. Discussion

Parties that file cases in federal court on the basis of diversity jurisdiction bear the burden of establishing that such subject matter jurisdiction exists. *Coyne v. Am. Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999). As a jurisdictional prerequisite, the plaintiff must establish that he or she has standing to bring the lawsuit in federal court. *Id.* at 494; *Lewis v. Casey,* 518 U.S. 343, 349 n.1 (1996). The issue of standing must remain open to judicial review at every stage of the litigation. *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255 (1994). In order to demonstrate standing, a plaintiff must prove that he has suffered an injury in fact, the injury must be "fairly traceable" to the defendant, and the requested relief must be capable of redressing the injury. *Coyne,* 183 F.3d at 494. Article III of the U.S. Constitution requires that the plaintiff demonstrate that he has personally suffered an actual injury due to the defendant's conduct. *Id.*

In this case, the Plaintiff, Wells Fargo Bank, N.A., claims that it is the holder and owner of the Note and Mortgage executed on the Defendants' property. However, upon close examination of the record, the Note and Mortgage provided by the Plaintiff show that the mortgagee at the time of the filing of the complaint was the original lender, Argent Mortgage Company, LLC. [Docs. 1, 4.] Additionally, the Preliminary Judicial Report, which the Plaintiff attached as an exhibit to the complaint, does not mention the Plaintiff at all in its record of chain of title. [Doc. 1.]

The Court's Fifth Amended General Order No. 2006-16, governing foreclosure cases based on diversity jurisdiction, requires the Plaintiff to file an affidavit with the complaint that identifies the Plaintiff either as the original mortgage holder, an assignee, trustee, or successor-in-interest. [Doc. 3.] In its affidavit, the Plaintiff asserted that it was the owner and holder of the relevant

Case No. 1:07-CV-2176
Gwin, J.

promissory note and mortgage, but did not indicate any assignment of interest. [Doc. 6.] On September 12, 2007, the Plaintiff filed a notice of an assignment of the mortgage. [Doc. 22.] In that filing, the Plaintiff produced evidence showing that the original lender transferred its right, title, and interest in the relevant property to the Plaintiff on August 23, 2007, after the lawsuit was commenced. *Id.*

The record, therefore, does not show that the Plaintiff was the owner and holder of the interest, title, and rights under the Mortgage and Note at the time of the filing of the foreclosure complaint on July 19, 2007. Plaintiff Wells Fargo does not appear to have had any ownership interest at the time that this lawsuit was commenced. The Plaintiff, therefore, has not carried its burden of proving standing because it has not shown that it personally suffered an actual injury prior to the filing of the complaint. *Coyne*, 183 F. 3d at 494. Plaintiff Wells Fargo has thus not met the prerequisite for establishing that subject matter jurisdiction exists in this case.

The Court, therefore, **DISMISSES** this case without prejudice. Accordingly, all orders of the Court and any entries by the Clerk are vacated. If the Plaintiff has information to establish that it was the owner and holder of the Note and Mortgage as of the date that the complaint was filed, the Plaintiff may provide that evidence to the Court and seek reconsideration of this Order.

IT IS SO ORDERED.

Dated: November 20, 2007          s/          *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE